**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Willie Landfair, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 CV 4024 |
| | ) | |
| J.B. Hunt Transportation | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

*Pro se* Plaintiff, Willie Landfair, has sued his former employer, Defendant J.B.

Hunt Transportation, alleging employment discrimination, retaliation, and violation of

the Federal Consumer Credit Protection Act's restrictions on garnishment. Presently

before us are Plaintiff's motion for appointment of counsel and Defendant's motion to

dismiss the action for failure to state a claim, as duplicative of ongoing litigation, or as

violating the "claim splitting doctrine." For the reasons set forth below, we grant

Defendant's motion to dismiss and deny Plaintiff's motion for appointment of counsel as

moot.

**STANDARD OF REVIEW**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not

decide the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 583, 586 (7th Cir.

1

1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). In considering a motion to dismiss, we must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cody v. Harris*, 409 F.3d 853, 857 (7th Cir. 2005); *Thompson v. Illinois Dep't Prof'l Regul.*, 300 F.3d 750, 753 (7th Cir. 2002). A court may grant a motion to dismiss under Rule 12(b)(6) when "it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Moreover, as compared with pleadings drafted by attorneys, complaints written by *pro se* litigants are examined under a less arduous standard. *Haines v. Kerner*, 404 U.S. 519 (1972); *Kincaid v. Vail*, 969 F.2d 594, 598 (7th Cir.1992).

However, "a federal suit may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court, and district courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal citations omitted). A suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Id.* (internal citations omitted).

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant J.B. Hunt employed the Plaintiff as a truck driver, but terminated his employment on July 15, 2004. (Compl. p.17-18.) As Defendant's supporting memorandum makes clear, this action is one of two ongoing employment-related suits that Plaintiff is pursuing against it in this district. (Def. Mem. in Support of Mot. to Dismiss p.1.) Defendant has attached to its memorandum the original, unamended

2

complaint in Plaintiff's first action, *Landfair v. J.B. Hunt Transportation, Inc.*, N.D. Ill.

Case No. 05 C 3604, currently pending before Judge Guzman (the "First Action"). (*Id.*

Ex. A.) Likewise, Plaintiff has attached to his response a number of documents related to

the First Action, including his amended complaint. (Pl. Resp. to Def. Mot. to Dismiss

Ex. II.)[1,2]

Defendant argues that this action should be dismissed because: 1) many of the

claims are duplicative of those currently being litigated in another federal district court;

2) those claims that are not duplicative are nonetheless barred under the "claim splitting

doctrine"; 3) alternatively, all of the discrimination claims are barred as untimely,

because they were filed outside of the statutory time period; and 4) Plaintiff's claim

under Title III of the Federal Consumer Credit Protection Act ("FCCPA") fails because

that Act does not provide a private cause of action. (Def. Mem. in Support of Mot. to

Dismiss p.2-3.)

---

[1] "Exhibit A," attached to Defendant's supporting memorandum, is a copy of Plaintiff's original Complaint in his First Action. "Exhibit II" of Plaintiff's Response is the Amended Complaint from the First Action. Plaintiff has also labeled an order issued by the State of Illinois Department of Human Rights "Exhibit II," but our citations to "Exhibit II" refer only to the amended complaint in the First Action.

[2] As a preliminary matter, we observe that district courts " 'may take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment." *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (quoting *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)). Public court documents are among the "matters of public record" which we are allowed to consider in deciding Defendant's motion to dismiss. *Id. See also Kim v. Sara Lee Bakery Group, Inc.*, 412 F. Supp. 2d 929, 931 n.3 (N.D. Ill. 2006) (citing *Henson*, 29 F.3d at 284). Given the nature of the arguments before us, we consider only the two complaints that Plaintiff has filed in the First Action in addition to the Complaint filed here.

**DISCUSSION**

We grant Defendant's motion on grounds that it is the entire action that is duplicative, not just a limited set of claims.[3]  As a general rule, a suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal citations omitted).  Here, it is beyond question that the parties and available relief are identical. Both suits involve the same individual Plaintiff, Willie Landfair, and a single Defendant, J.B. Hunt Transportation.  Further, in both actions Plaintiff seeks monetary damages and requests identical injunctive relief.  (*Compare* Pl. Compl. ¶ 16 *with* First Action Amended Compl. ¶ 16, N.D. Ill. Case No. 05 C 3604, Dkt. 1.)  As such, the only issue is whether the claims "do not significantly differ between the two actions."  *Serlin*, 3 F.3d at 223 (internal citations omitted).

All three complaints in the two cases were filed *pro se*,[4] and all are built upon generic, "fill-in-the-blanks" forms to which Plaintiff has attached a number of additional documents as exhibits.  We first observe that both actions arise out of Plaintiff's

---

[3]Our finding that the entire action is duplicative renders the"claim splitting doctrine" inapposite. Further, we do not opine whether Plaintiff has stated a claim in relation to the alleged garnishment of his wages – whether under the FCCPA or otherwise – because those claims are duplicative of the First Action and that issue is therefore not for us to sort out.  Finally, we do not address the merits of Defendant's argument that the discrimination claims are time-barred, because that particular disposition is better suited to a motion for summary judgment, involving as it does an affirmative defense. *See Sanders v. Venture Stores* 56 F.3d 771, 772 (7th Cir. 1995); *see also Cable v. Ivy Tech State College*, 200 F.3d 467, 477 (7th Cir. 1999) ("The EEOC charge-filing requirement is not intended to erect elaborate pleading requirements or let the form of the purported charge prevail over its substance.") (internal citations omitted).

[4]Plaintiff is now represented by counsel in the First Action, though the original and amended complaint, there, were both filed *pro se*.  (*See* N.D. Ill. Case No. 05 C 3604 Dkt. 20.)

employment with and eventual termination from J.B. Hunt. Further, all three of the complaints are styled "Complaint of Employment Discrimination," and plainly aim to state a generalized claim of employment discrimination and retaliation under federal law. Accordingly, we agree with Defendant that the employment discrimination claims here do not substantially differ with those that Plaintiff is pursuing in the first action. However, we do not limit this finding to the employment discrimination claims: Plaintiff's attempted FCCPA claim not only arises out the same transaction or occurrence at issue in the First Action, but he has already asserted it in the First Action.

Plaintiff filed his original complaint in the First Action on June 20, 2005, alleging employment discrimination on the basis of age, color, disability, national origin, and race, as well as retaliation in the form of his termination. (First Action Original Compl., N.D. Ill. Case No. 05 C 3604, Dkt. 1.) Additionally, we read that complaint to allege violation of Title III of the FCCPA, because Plaintiff has attached as an exhibit a section from the Act. (First Action Original Compl. p.15.) Further, in Paragraph 13 of the complaint – which instructs the person filling out the form to list the "facts supporting the plaintiff's claim of discrimination" – Plaintiff mentions the levy of assets in relation to Defendant's alleged discrimination, and references a number of attached exhibits, including a "Notice of Intent to Levy Assets" issued by the Illinois Department of Revenue (*Id.* ¶ 13, p.13,) as well as a Treasury Department Circular setting forth regulations pertaining to practitioners before the Internal Revenue Service (*id.* ¶ 13, p.16.)

Less than a month after filing his First Action, Plaintiff filed an amended complaint using the same generic form used in the initial complaint. (N.D. Ill. Case No. 05 C 3604, Dkt. 9.) The most conspicuous differences between the two complaints are that, in the amended complaint: 1) the selection from the FCCPA is absent as an exhibit, as is the Treasury Department Circular; 2) Paragraph 13, which briefly referenced documents related to the actual or threatened levy of Plaintiff's wages, has been replaced with a highly detailed, eight-page description of the facts underlying the discrimination claims, but no longer references the levy of wages. In other words, the amended complaint in the First Action does not claim violation of the FCCPA or otherwise attempt to state a claim based on the alleged garnishment of Plaintiff's wages, as did the original complaint.

The Complaint before us alleges violation of the FCCPA even more explicitly than the original complaint in the First Action: not only are the selections from the FCCPA and Treasury Department Circular attached as exhibits, just as they were in First Action's original complaint, but here Paragraph 12 references "Title III of the Federal Consumer Credit Protection Act restrictions on garnishment." (Pl. Compl. p.8, 12-17.) Thus, it appears that the FCCPA claims here are simply a more explicit reiteration of those set forth in Plaintiff's original complaint in the First Action. Accordingly, we see no reasonable way to conclude that the claims before us are substantially different than the claims that have already been asserted in the First Action.[5]

---

[5]If Plaintiff wishes to revive his attempted FCCPA claims in the First Action, then he should simply file a motion to amend in that proceeding.

## CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss the action as duplicative is granted. Plaintiff's motion for appointment of counsel is denied as moot. It is so ordered.

_Marvin E. Aspen_

Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: December 5, 2006